UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2003 OCT 17 P 4: 08

ANTHONY SPENCER,
    Petitioner,

v.

HECTOR RODRIGUEZ,
    Respondent.

PRISONER
Case No. 3:02CV1976 (PCD)

ORDER

In the original petition filed in this action, the petitioner claimed to be challenging a February 1998 conviction for sexual assault in the first and second degrees, kidnapping in the first degree and risk of injury to a minor entered by the Connecticut Superior Court for the Judicial District of New Haven. The petitioner stated that he received a thirty-three term of imprisonment and is currently serving that sentence. The petition was deficient because several pages were missing. Thus, on May 2, 2003, the Court directed the petitioner to file an amended petition for writ of habeas corpus on a form approved by the Court. (See doc. # 5.)

On May 15, 2003, the petitioner filed his amended petition. (See doc. # 6.) The petitioner claimed to be challenging a judgment of conviction entered in this Court on July 7, 1997. See United States v. Spencer, Case no. 3:97CR32 (PCD). The petitioner stated that the Honorable Peter C. Dorsey sentenced

him to time served and three years of probation. He claimed to have appealed the conviction to the Connecticut Appellate Court in Hartford, Connecticut and that the appeal is still pending. The amended petition included only one ground. The petitioner claimed that he was illegally confined because the Immigration and Naturalization Service ("INS") had failed to enforce a March 1998 Order of Deportation.

Because it was unclear whether the petitioner intended to challenge his state court conviction or his federal conviction, on May 28, 2003, the Court issued a second order to file an amended petition to permit the petitioner to clarify which conviction he is attempting challenge in this action. (See doc. # 7.) The petitioner filed his second amended petition on June 10, 2003.

The petitioner again indicated that he was challenging his federal conviction for unlawful transportation of firearms and that he had appealed the conviction to the Connecticut Appellate Court. The petitioner also indicated that he had already served his federal sentence and term of probation. Because it was evident that the petitioner misunderstood the questions on the court form regarding his state and federal convictions, on July 3, 2003, the Court issued a third order permitting the petitioner to clarify the conviction he seeks to challenge in the present action. (See doc. # 9.) The Court informed the petitioner that

2

if he seeks to challenge his state court conviction, he should fill out an amended petition for writ of habeas corpus form. The Court also informed the petitioner that if he was not challenging his state court conviction, he should write a letter to the Court indicating which conviction he seeks to challenge.

In response to the Court's Order, the petitioner filed a letter indicating that he seeks to challenge the March 1998 Order of Deportation issued by INS. (See doc. # 10.) He claims that the INS has failed to deport him despite the issuance of the March 1998 order. Thus, it is apparent that the petitioner is not challenging his prior federal conviction or his current state court conviction in this action.

If the petitioner seeks to challenge the failure of the INS, now known as the Bureau of Immigration and Customs Enforcement,[1] to enforce its own order and deport him, such a challenge should be made in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The respondent in the action would be the Bureau of Immigration and Customs Enforcement. Accordingly, the Clerk is directed to send the petitioner a 28 U.S.C. § 2241 form with a copy of this order. If the petitioner in fact seeks to challenge

---

[1] "Effective March 1, 2003, functions of, inter alia, the former INS were transferred to the United States Department of Homeland Security. As of that date, the investigative and enforcement functions of the former INS were reorganized into the Bureau of Immigration and Customs Enforcement." Brown v. Bureau of Immigrations and Customs Enforcement, No. 9:02CV0227LEKGLS, 2003 WL 22203225, at n.1 (N.D.N.Y. Sept. 23, 2003).

the deportation order, he must file an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The amended petition must be filed within twenty days of the date of this order.

SO ORDERED this __17__ day of October, 2003, at Bridgeport, Connecticut.

                                              HOLLY B. FITZSIMMONS
                                     UNITED STATES MAGISTRATE JUDGE