```
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF CONNECTICUT

ANTHONY SPENCER              :

        Petitioner,          :    CIV. NO. 3:02cv1976(PCD)

     v.                      :

HECTOR RODRIGUEZ, WARDEN     :
DZURENDA, BUREAU OF          :
IMMIGRATION AND CUSTOMS      :
ENFORCEMENT                  :    MARCH 2, 2004

        Respondent.          :
```

RESPONSE TO ORDER TO SHOW CAUSE

Respondent, the Bureau of Immigration and Customs Enforcement[1] ("BICE"), respectfully submits this Response to the Court's order to show cause. As explained below, the Court lacks jurisdiction over the petition for writ of habeas corpus because petitioner is not in INS custody.

BACKGROUND

Petitioner, Anthony Spencer, is a citizen and native of Jamaica. (See Exhibit A, Notice to Appear). He was admitted to the United States at New York, New York on or about July 17, 1990 as an immigrant. (See id.) On July 17, 1997, petitioner was convicted as a felon in possession of a firearm in violation of

---

[1] On March 1, 2003, the Immigration and Naturalization Service ("INS") was abolished and its functions transferred to three bureaus within the Department of Homeland Security pursuant to the Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135, 2178. The enforcement functions of INS were transferred to BICE while its service functions were transferred to the Bureau of Citizenship and Immigration Services ("BCIS").

18 U.S.C. § 922(a)(1) and 924(a)(2). (See id.) The INS subsequently commenced removal proceedings against petitioner because of his aggravated felony conviction. (See id.) On March 9, 1998, an immigration judge ("IJ") concluded that petitioner was removable as charged and ordered that he be removed to Jamaica. (See Exhibit B, Order of Immigration Judge) Petitioner waived his right to appeal to the Board of Immigration Appeals (hereafter "BIA"). (See id.) Thereafter, on March 18, 1998, the INS placed a detainer on petitioner based on this aggravated felony conviction. (See Exhibit C, Immigration Detainer - Notice of Action) However, he continues to serve a state sentence for first-degree kidnapping which does not expire until December 27, 2026 with an estimated release date of July 6, 2020. (See Exhibit D, Connecticut Department of Correction, Inmate Information).

Although still in state custody, petitioner filed the instant petition for a writ of habeas corpus seeking immediate deportation pursuant to his final order of removal. As explained below, the petition should be dismissed as a matter of law.

## LEGAL ARGUMENT

A.  Petitioner Is Still in Connecticut State Custody Because Connecticut Officials Maintain Day-to-Day Control Over Him

A writ of habeas corpus is an order "upon the person who

holds [the prisoner] in what is alleged to be unlawful custody." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 494-95 (1973) (emphasis added). A detainee's "custodian" for purposes of habeas jurisdiction "is the warden of the prison or facility where the detainee is held[,] . . . because it is the warden that has day-to-day control over the prisoner and who can produce the actual body." Yi v. Maugans, 24 F.3d 500, 507 (3d Cir. 1994) (citations omitted); accord Billiteri v. U.S. Bd. of Parole, 541 F.2d 938, 948 (2d Cir. 1976) (warden of correctional facility where petitioner is incarcerated, not parole board, is "custodian" of detainee "who is under the control of [the] warden and confined in a prison, and who is seeking, in a habeas corpus action, to be released from precisely that form of confinement"); Guerra v. Meese, 786 F.2d 414, 416 (D.C. Cir. 1986) (warden of petitioner, not parole board, is proper respondent to habeas petition because parole board does not have day-to-day control).

Here, petitioner has named the INS as one respondent. As a threshold matter, the INS is not an official, and therefore is not a proper respondent to a habeas petition. See 28 U.S.C. §§ 2242 (petition "shall allege . . . the name of the person who has custody over him") (emphasis added), 2243 ("The writ . . . shall be directed to the person having custody of the person detained.") (emphasis added).

Moreover, petitioner does not contest that he is presently

3

incarcerated by Connecticut State officials and serving his sentence on a state conviction.  As such, petitioner's custodian is the Connecticut State official exercising day-to-day control over him, which would appear to be the warden of the facility in which he is detained, not the INS, which is not an official and in any event exercises no such control over petitioner.  See Billiteri, 541 F.2d 938, 948 (2d Cir. 1976); Yi, 24 F.3d at 507; Guerra, 786 F.2d at 416.

Accordingly, because the INS exercises no control over petitioner, the petition as to the INS should be dismissed for lack of jurisdiction.  See 28 U.S.C. § 2241(c)(3) ("The writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States . . . .") (emphasis added); Billiteri, 541 F.2d at 948 (because habeas petition was not directed at official with custody of petitioner, the "case must be dismissed for lack of jurisdiction"); Campillo v. Sullivan, 853 F.2d 593, 595 (8th Cir. 1988), cert. denied, 490 U.S. 1082 (1989) ("The writ of habeas corpus functions to grant relief from unlawful custody or imprisonment.  Absent custody by the authority against whom relief is sought, jurisdiction usually will not lie to grant the requested writ.").

B.   The Lodging of the INS Detainer Does Not Constitute
     Custody for Purposes of Habeas Corpus Jurisdiction

Nor may petitioner maintain a habeas action on the basis of

any allegation that he is being detained pursuant to a detainer filed by the INS.  Petitioner is being held by the State of Connecticut  -- not any federal official -- in connection with his prison sentence for a state criminal conviction.  The INS detainer only constitutes "a <u>notice</u> that future INS custody will be sought at the conclusion of a prisoner's pending confinement by another jurisdiction, and . . . a <u>request</u> for prior notice regarding the termination of that confinement," <u>Roldan v. Racette</u>, 984 F.2d 85, 88 (2d Cir. 1993) (emphasis added); <u>see also</u> <u>Campillo</u>, 853 F.2d at 595 ("The [INS] detainer . . . does not purport to [affect] [petitioner's] status as a sentenced federal offender, but merely notifies prison officials that a decision regarding his deportation will be made by the INS at some future date."), <u>cert. denied</u>, 490 U.S. 1082 (1989); <u>Lepez-Mejia v. INS</u>, 798 F. Supp. 625, 627 (C.D. Cal. 1992) (INS detainer "merely <u>notifies</u> prison officials that a decision regarding [petitioner's] deportation will be made by the INS at some future date").

That filing the detainer is for notification purposes only, and does not constitute present confinement, is evident from the language of the detainer in this case.  On March 18, 1998, the INS lodged an "Immigration Detainer-Notice of Action" ("INS detainer") regarding petitioner with the warden of the Walker Correctional Institution, his custodian at that time.  <u>See</u>

5

(Exhibit C). The detainer stated that "[d]eportation or removal from the United States has been ordered" and that it "is <u>for notification purposes only</u> and <u>does not limit your discretion in any decision</u> affecting the offender's classification, work and quarters assignments, or other treatment which he or she would otherwise receive." <u>Id.</u> (emphasis added). The detainer also requested (<u>inter alia</u>) that the warden notify the INS "of the time of [petitioner's] release at least 30 days prior to release or as far in advance as possible" and made reference to 8 C.F.R. § 287.7, which, under limited circumstances, requires a "criminal justice agency" to maintain custody of an alien subject to a detainer for a period "not to exceed 48 hours . . . to permit assumption of custody by the [INS]." 8 C.F.R. § 287.7 (2001).[2] Accordingly, it is evident that the detainer is for notification purposes only and thus does not support habeas jurisdiction.

In addition, the lodging of such a detainer "does not result

---

[2] The detainer also references the requirement in 8 C.F.R. § 287.7 that, under certain circumstances, a "criminal justice agency" maintain custody of an alien for a short period to permit the INS to assume custody. <u>See</u> 8 C.F.R. § 287.7(d) (2001). Because this regulation applies only when an alien is "not otherwise detained by a criminal justice agency," it does not apply to an alien who, like petitioner, is presently in state custody on the basis of a state criminal conviction. In any event, it is the regulation, not the detainer, that requires such interim custody by a criminal justice agency, and the reference to that regulation in the INS detainer does not transform the detainer into anything more than a notice "that a decision regarding [petitioner's] deportation will be made by the INS at some future date," <u>Lepez-Mejia</u>, 798 F. Supp. at 627.

in present confinement by the INS," Roldan, 984 F.2d at 88, and therefore is insufficient to support habeas jurisdiction. See, e.g., Dearmas v. INS, No. 92 Civ. 8615 (PKL), 1993 WL 213031, at *3 (S.D.N.Y. June 15, 1993) ("The Court agrees with the clear majority of courts which have found that the filing of a detainer does not constitute 'custody' by the INS for purposes of habeas jurisdiction."); Prieto v. Gluch, 913 F.2d 1159, 1162-64 (6th Cir. 1990) (holding that district court lacked jurisdiction over habeas petition by federal prisoner seeking to challenge INS detainer because detainer is merely a notice, and lodging thereof does not constitute custody for habeas purposes); Orozco v. INS, 911 F.2d 539, 541 & n.2 (11th Cir. 1990) ("[t]he filing of a detainer is an informal process advising prison officials that a prisoner is wanted on other pending charges and requesting notification prior to the prisoner's release," and the filing thereof, standing alone, "did not cause [petitioner] to come within the custody of the INS"); Campillo, 853 F.2d at 595 ("The filing of [an INS detainer] is insufficient . . . to alter [petitioner's] status as a custodial detainee of the federal prison system.  [Petitioner] may not challenge the detainer by way of habeas corpus until he is placed in the custody of the INS, an event which will not occur until [he] is released from his present term of confinement."), cert. denied, 490 U.S. 1082

(1989).[3]

Moreover, although the Second Circuit recently held that, once there is a final order of removal and there is a challenge to that order, petitioner is deemed to be "in custody" for purposes of habeas jurisdiction, that is not the case here. See Simmonds v. INS, 326 F.3d 351, 354 (2d Cir. 2003). Here, petitioner does not seek to challenge the final order of removal but rather his current detention by the State of Connecticut.[4] This distinction is critical. If petitioner sought to raise a challenge to his final order of removal, under Simmonds, there would exist "technical custody" for purposes of habeas jurisdiction even though the INS had not assumed physical custody. That is because in such a case, petitioner seeks to

---

[3] See also Cruz v. Molerio, 840 F. Supp. 303, 305 (S.D.N.Y. 1991) (PNL) (citing the "many cases [that] have held that the lodging of a detainer does not effectuate INS 'custody' for the purpose of [habeas jurisdiction]"); Digrado v. Ashcroft, 184 F. Supp. 2d 227, 232 (N.D.N.Y. 2002) ("Although the INS has apparently lodged a detainer against [petitioner], doing so did not place [him] within the custody of the INS or provide habeas jurisdiction over the respondents."); Fernandez-Collado v. INS, 644 F. Supp. 741, 744 (D. Conn. 1986) (because "the I.N.S. detainer is no way subjects the petitioner to the custody of the I.N.S.," alien confined in federal correctional institution "remains in the sole custody of prison officials" notwithstanding the lodging of a detainer, and "the requested relief from the I.N.S. is not presently available").

[4] If in fact petitioner did challenge his final order of removal, this Court would lack jurisdiction to review such a claim because petitioner failed to exhaust his available administrative remedies by waiving his right to take an appeal to the BIA. See 8 U.S.C. § 1252(d)(1); Theodoropoulos v. INS, No. 01-2715, 2004 WL 49118, *7 (2d Cir. Jan. 12, 2004).

raise a challenge to his subsequent custody by the INS which custody would be required by virtue of the final order of removal.  In this case, however, petitioner's challenge is to his current detention by the State of Connecticut not the validity of subsequent custody by the INS based on the final order of removal.  Petitioner does not contest that the final order subjects him to eventual removal and in fact seeks an order from the Court that he be deported.  This Court therefore must look to see who his current, actual custodian is to determine whether habeas jurisdiction is proper.  Accordingly, because the INS is not petitioner's current custodian, the Court lacks jurisdiction to review his petition.

Finally, the INS has no obligation to remove an alien prior to his release from state custody:

> Nothing in this section shall be construed as requiring the Attorney General to effect the removal of any alien sentenced to actual incarceration, before release from the penitentiary or correctional institution where such alien is confined.

INA § 238(a)(3)(B), 8 U.S.C. § 1228 (a)(3)(B) (Supp. IV 1998); see also INA § 241(a)(4)(A), 8 U.S.C. § 1231(a)(4)(A) (explaining that the "Attorney General may not remove an alien who is sentenced to imprisonment until the alien is released from imprisonment."); see also Thye v. United States, 109 F.3d 127, 128 (2d Cir. 1997) ("[W]hether or not

one is to be deported . . . prior to completing a prison term is a matter solely within the discretion of the attorney general."). Therefore, until that time, petitioner continues to serve his state sentence.

Accordingly, this Court does not have jurisdiction to review or grant his petition.

Respectfully submitted,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

JOHN B. HUGHES
ASSISTANT UNITED STATES ATTORNEY
CHIEF, CIVIL DIVISION


DOUGLAS P. MORABITO
ASSISTANT UNITED STATES ATTORNEY
P.O. BOX 1824
NEW HAVEN, CT  06508
(203) 821-3700
FEDERAL BAR NO. ct20962

**CERTIFICATION OF SERVICE**

This is to certify that a copy of the within and foregoing was sent on this 2nd day of March, 2004, via first-class mail to:

Anthony Spencer
Inmate Number #210028
Garner Correctional Institution
50 Nunnawauk Road
P.O. Box 5500
Newtown, CT 06470

---

DOUGLAS P. MORABITO
ASSISTANT UNITED STATES ATTORNEY