UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANTHONY SPENCER,<br>    Petitioner, | :<br>:<br>:      Civ. No. 3:02CV1976(PCD)<br>:<br>v.      :<br>:<br>:<br>BUREAU OF      :<br>IMMIGRATION AND CUSTOMS<br>ENFORCEMENT      :<br>    Respondent. |

## RULING ON PETITION FOR WRIT OF HABEAS CORPUS

Petitioner, who is currently in the custody of the State of Connecticut at the Garner Correctional Institution in Newtown, Connecticut, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  Petitioner claims that he in custody in violation of the Eighth Amendment's ban on cruel and unusual punishment and that he should be deported to Jamaica pursuant to the removal order issued by the Immigration Judge ("IJ") on March 8, 1998. Respondent, the Bureau of Immigration and Customs Enforcement ("BICE"), argues that this Court lacks jurisdiction over the petition for writ of habeas corpus because Petitioner is not in the custody of the Immigration and Naturalization Service[2] ("INS").  For the following reasons, the

---

[1]  Because it is unclear whether Petitioner is requesting both a writ of habeas corpus and a writ of mandamus, for purposes of this ruling, Petitioner's request is treated as a petition for both a writ of habeas corpus and, alternatively, a writ of mandamus. *See Gomes v. AVCO Corp.*, 964 F.2d 1330, 1335-36 (2d Cir. 1992) ("we ordinarily require the district courts to give substantial leeway to pro se litigants....").

[2]  As of March 1, 2003, The Immigration and Naturalization Office was abolished and its enforcement functions were transferred to the Bureaus of Immigration and Customs Enforcement ("BICE") while its serve functions were transferred to the Bureau of Citizenship and Immigration

1

petition is **denied**.

I.      BACKGROUND

Pro se Petitioner Anthony Spencer is a native and citizen of Jamaica who entered the United States through New York as an immigrant on or about July 17, 1990. On July 17, 1997 Petitioner was convicted as a felon in possession of a firearm in violation of 18 U.S.C. §§ 922 (a)(1), 924 (a)(2).

Based on this "aggravated felony" conviction, INS subsequently commenced removal proceedings against Petitioner. On March 9, 1998, an IJ ordered Petitioner removed to Jamaica. Petitioner waived his right to appeal to the Board of Immigration Appeals ("BIA"), thereby making his removal order final. On March 18, 1998, INS lodged a detainer on Petitioner with the State of Connecticut MacDougall-Walker Correctional Institution where Petitioner was confined. Petitioner remains incarcerated at the Garner Correctional Institute in Newtown, Connecticut, a state facility, where he continues to serve a state sentence of first-degree kidnaping which does not expire under December 27, 2026 with an estimated parole date of July 6, 2020.

Although still in state custody, Petitioner filed the present petition for a writ of habeas corpus naming BICE as Respondent and seeking immediate deportation to Jamaica pursuant to his final order of removal.

II.     DISCUSSION

In the present case, Respondent argues that the Court lacks habeas jurisdiction under 28 U.S.C. § 2241. Respondent argues that Petitioner is not in INS custody because he is currently

---

Services ("BCIS").

being held by the state authorities. While Petitioner's petition is not a model of clarity, he seems to contend that the existence of the final order of removal and the subsequent lodging of the INS detainer place him within the custody of INS. Consequently, Petitioner argues that he is entitled to immediate removal.

### A.     Jurisdiction

A jurisdictional prerequisite for the granting of a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is that the petitioner be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Jiminian v. Nash*, 245 F.3d 144, 147 (2d Cir. 2001). While the Second Circuit has recently held that "a final order of removal is sufficient, by itself, to establish the requisite [INS] custody" for a habeas petitioner who is still serving a sentence for a state conviction, this does not end the inquiry. *Simmonds v. INS*, 326 F.3d 351, 354 (2d Cir. 2003). Additionally, the Court must also have personal jurisdiction over the appropriate respondent to the habeas action. This Court has held that the proper respondent in a habeas action challenging an order of deportation is the official having day-to-day control over the Petitioner. *Berthold v. Ashcroft*, 2003 WL 1056653, at *2 (D. Conn. March 6, 2003). Nonetheless, courts have, under certain circumstances, interpreted the habeas custody requirement to include constructive custody even where current physical custody is absent. *See Frazier v. Wilkinson*, 842 F.2d 42, 44 (2d Cir. 1988).

### B.     Writ of Habeas Corpus

Respondent maintains that the Court lacks jurisdiction over Petitioner's habeas petition because Petitioner is in the custody of Connecticut state authorities. Furthermore, Respondent

argues that the filing of the INS detainer does not create the requisite INS custody.

It is well established and that the filing of a detainer, alone, does not create INS custody. *Roldan v. Racette*, 984 F.2d 85, 88 (2d Cir. 1993); *Duamutef v. INS*, 2003 WL 21087984, at * 2 (E.D.N.Y. May 14, 2003). Nevertheless, when a petitioner is a prisoner subject to a final order of removal or to both an INS detainer and a final order of removal, the habeas custody requirement is deemed satisfied. The Second Circuit recently concluded that insofar that a petitioner is challenging future confinement, a "final order of removal is sufficient, by itself, to establish the requisite [INS] custody." *Simmonds*, 326 F.3d at 354.

*Simmonds* involved a state prisoner who filed a habeas petition challenging his final order of removal. *Id*. at 353-54. INS argued that Simmonds was not in INS custody because he was serving a state sentence. *Id*. at 355. Nevertheless, the Second Circuit concluded that habeas jurisdiction was available reasoning that when the subsequent confinement is certain, habeas jurisdiction exists in the same way that a prisoner in federal custody, while still serving the federal system, may challenge a consecutive state sentence before the commencement of the state sentence.[3] *Id*. at 356.

In the present case, Petitioner is subject to a final order of removal as well as a detainer, and, similar to *Simmonds*, his subsequent confinement by INS, by virtue of his conviction of an aggravated felony, is statutorily required. Nevertheless, even under *Simmonds*, constructive custody is only available if a petitioner is challenging the future confinement. *Simmonds*, 326

---

[3] Because Simmonds was convicted of an aggravated felony, INS was statutorily required to detain him upon his release from state prison. *See* 8 U.S.C. §§ 1231(a)(1)(B)(iii), 1231(a)(2) (mandating detention when the ground for removal is the commission or an aggravated felony or a crime relating to a controlled substance).

F.3d at 355. Therefore, jurisdiction would only exist to review Petitioner's habeas petition to the extent it *challenges* the prospective INS custody. Petitioner, however, is neither challenging his final order of removal or his eventual INS confinement. Conversely, he is requesting immediate removal and challenging his current incarceration by the State of Connecticut. Accordingly, because Petitioner's state sentence does not expire until December 27, 2026 with an estimated release date of July 6, 2020, INS is not obligated to take immediate custody and his habeas petition must fail on jurisdictional grounds because his current confinement is not by INS.

  C. **Writ of Mandamus**

Additionally, while Petitioner does not explicitly petition for a writ of mandamus, he states that he "seeks to be immediately removed from the United States according [to]the Judge[' s] order." Pet. at 7A. Thus, construing Petitioner's claim liberally, he is seeking both a writ of habeas corpus and a writ of mandamus. *See Ferris v. INS*, 302 F. Supp. 2d 103, 105 n.1 (D. Conn. 2004) (construing pro se petitioner's petition liberally and assuming that petitioner was seeking both a writ of habeas corpus and a writ of mandamus). Nevertheless, to the extent that Petitioner's pleading can be considered a petition for a writ of mandamus, his petition is denied.

A writ of mandamus is a petition to a court requesting an order to compel an officer or employee of the United States to perform a duty owed to the petitioner. *Ferris*, 302 F. Supp. 2d at 107. Mandamus is available only when the plaintiff has an undeniable right to the relief sought, the defendant has a clear duty to perform, and no other adequate remedy is available. *See Billiteri v. United States Bd. of Parole*, 541 F.2d 938, 946 (2d Cir. 1976). In the present case, Petitioner has no right to immediate removal. Neither the federal procedures governing removal procedures for non-citizens convicted of aggravated felonies, nor Connecticut state parole

5

procedures provide Petitioner with a clear right to a hearing or release from state custody. *See* 8 U.S.C. § 1228 (governing INS procedures regarding the removal of a non-citizen once a detainer has been lodged); *Viacenzo v. Warden*, 26 Conn. App. 132, 141, 599 A.2d 31 (1991) (discussing Connecticut statutes relating to and governing the Connecticut Parole Board). Moreover, an inmate generally remains in the custody of the correctional institution until his sentence is complete because an inmate cannot be removed while imprisoned by the state. *Bell v. INS*, 292 F. Supp. 2d 370, 372 (D. Conn. 2003); *Fernandez-Collado v. INS*, 644 F. Supp. 741, 744 (D. Conn. 1986). Accordingly, because Petitioner has no right to an immediate hearing, release from state custody, or dismissal of the detainer, his petition for a writ of mandamus is **denied**.

### III.   CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus [Doc. No. 13] is **denied**. The clerk shall close the file.

SO ORDERED.

Dated at New Haven, Connecticut, April  21 , 2004.

/s/

Peter C. Dorsey
United States District Judge